# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0214-CVE |
| | ) | (08-CV-0277-CVE) |
| VAUDA VIRGLE SHIPP, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant Vauda Virgle Shipp, Jr.'s motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #132).[1]  In his § 2255 motion, defendant also

requests appointment of counsel and an evidentiary hearing.[2]  Id. at 12.  Section 2255 provides that

"[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right

to be released upon the ground that the sentence was imposed in violation of the Constitution or law

of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is

---

[1]     Defendant has also filed a Motion to Demand this Court Read All Pleadings Defendant Files
with this Court and Adhere Only to Constitutionally Compliant Law and Case Law, and
More Particularly, the Bill of Rights, in its Rulings (Dkt. # 150).  It is not clear that
defendant's motion is seeking any specific relief, aside from asking the Court to fulfill its
judicial function to review the parties' filings and apply applicable law.  The Court has done
so; therefore, defendant's motion is moot.

[2]     With respect to defendant's request for appointment of counsel, the Court exercises its
discretion to deny defendant's motion for appointment of counsel at this time.  There is no
constitutional right to counsel beyond the direct appeal of a conviction.  See Swazo v.
Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).  If the Court determines
that defendant's § 2255 motion states a claim for relief and he is entitled to an evidentiary
hearing, the Court must appoint counsel at that time.  However, defendant is not entitled to
counsel during the Court's initial review of his § 2255 motion.

otherwise subject to collateral attack,  may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

## Background

On December 9, 2004, the Grand Jury returned an indictment charging Vauda Virgle Shipp, Jr. with possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1).  Dkt. # 1. The indictment contained sentencing allegations that Shipp committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense and that the offense involved between three and seven firearms.[3] Dkt. # 1, at  3. On April 13, 2005,  Paul Brunton, the Federal Public Defender, was appointed to represent Shipp. Dkt. # 6.  On June 13, 2005, Brunton was permitted to withdraw due to an overwhelming caseload. Dkt. # 14, at 1.   Robert Nigh, Jr., a member of the Criminal Justice Act ("CJA") panel, was appointed as substitute counsel.  Dkt. # 16.   The case proceeded to trial by jury.  On September 14, 2005, a jury found Shipp guilty of the charged § 922(g)(1) offense.  Dkt. # 60.  Sentencing was set for December 12, 2005.

---

[3]     In the presentence report, the probation officer stated that Shipp had at least three prior felony convictions qualifying as a violent felony or a drug trafficking offense as defined in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  Specifically, Shipp had been previously convicted of three felonies in Oklahoma state courts: Assault With a Dangerous Weapon on January 16, 1984, in Tulsa County District Court; Possession of Marijuana With Intent to Distribute on January 16, 1984, in Tulsa County District Court; and Escape From a Penal Institution on September 10, 1987, in Cleveland County District Court. Presentence Report, at ¶ 20.

On December 6, 2005, Shipp filed a <u>pro</u> <u>se</u> "Motion to Recuse" asking to remove Nigh as defense counsel due to his allegedly deficient performance.[4] Dkt. # 65.  On December 8, 2005, Nigh filed an objection to the presentence report objecting, <u>inter</u> <u>alia</u>, to the classification of Shipp as an armed career criminal.[5] Dkt. # 69.  The sentencing hearing was continued to allow Nigh to withdraw from the case, and CJA panel attorney Frank Lockhart was subsequently appointed to represent Shipp.  Dkt. # 75. On February 9, 2006, Lockhart filed a second sentencing memorandum, adopting Nigh's prior objections to the presentence report and making additional challenges to Shipp's classification as an armed career criminal.[6]  Dkt. # 81.  Simultaneously, Lockhart filed a motion for new trial based on the alleged ineffective assistance of Nigh in failing to investigate, discover, and present at trial evidence which would have purportedly impeached the testimony of government's witnesses.  Dkt. # 82, at 2.

---

[4]     Shipp asserted that Nigh's performance was deficient for numerous reasons, including his alleged refusal to investigate Shipp's case, prepare an effective defense, confer with him or answer Shipp's letters, subpoena and call witnesses in his defense at trial, and subpoena phone records from the Jess Dunn Correctional Center.  Dkt. # 65.  In a later-filed motion to withdraw as attorney of record, Nigh alleged that Shipp also was concerned that Nigh failed to file a motion to suppress evidence based on the search of his residence and the seizure of the firearm which led to the Indictment.  Dkt. # 72, at 2.

[5]     Nigh objected to the classification of Shipp as a armed career criminal under the ACCA, which resulted in a total offense level of 33, based upon Shipp's prior escape conviction being considered a "violent felony."  Shipp claims that he was convicted of escape due to his failure to return as directed to an Oklahoma correctional center after leave on an official pass.  Nigh also challenged the Tenth Circuit's "consistent rejection" that the government need not prove to a jury the existence of prior convictions and their classification as "violent felonies."  Dkt. # 69, at 1-2.

[6]     Lockhart argued that application of § 924(e) unjustly increased Shipp's sentencing guideline from a level 14 to a level 33 and imposed a statutory minimum term of not less than 15 years, without requiring the government to prove to a jury that the prior conviction was a "violent felony."  Lockhart acknowledged that classification of escape as a violent felony was "settled law" in the Tenth Circuit, but added, "[h]owever, things change."  Dkt.# 81, at 1-2.

3

The sentencing judge overruled both of Lockhart's post-trial motions and, on February 15, 2006, sentenced Shipp to 188 months imprisonment, followed by a five year term of supervised release and a fine of $1,000.  Dkt. # 82.  Shipp appealed his conviction and sentence to the Tenth Circuit Court of Appeals.[7]  On June 11, 2007, the Tenth Circuit issued its decision affirming Shipp's conviction and sentence.  Id.  Shipp did not file a petition for writ of certiorari.  Shipp's conviction became final 90 days later when his time to file a petition for writ of certiorari expired.  See Clay v. United States, 537 U.S. 522, 527 (2003).

On September 17, 2007, Shipp filed a second motion for new trial.[8]  Dkt. # 115.  The motion was denied on October 19, 2007.[9]  Dkt. # 123.  The order denying a new trial was affirmed by the Tenth Circuit.  Dkt. ## 134, 137.

Shipp filed the instant § 2255 motion on May 8, 2008, within the one year statute of limitations provided by § 2255.  This is defendant's first § 2255 motion.  The Court finds that Shipp's motion is timely and that it has jurisdiction to proceed to determine the merits.

---

[7]     On appeal, Shipp contended that "the search of his home was unlawful; the evidence presented was insufficient to support his conviction; the court erred by instructing the jury that ownership of the firearms was immaterial, by denying his motion for new trial, and in sentencing him as an Armed Career Criminal."  Dkt. # 111, at 3.

[8]     The motion was 141 pages in length and included 59 attachments.  The motion was premised on newly discovered evidence.  Dkt. # 115.

[9]     The motion was another attempt to impeach the testimony of the government's trial witnesses.  In denying the motion for new trial, the Court noted that Shipp's motion was "nothing more than a rehash of his prior complaints, offered from a different angle."  Dkt. # 123, at 2.

4

## Issues Raised

In his § 2255 motion, defendant claims that his appointed counsel, Lockhart, was constitutionally ineffective at the sentencing hearing and on appeal:

(1)   By "failing to object to trial court's error in imposing a sentence that contravened 18 U.S.C. § 3553(a)(6)."  Dkt. # 132, at 1.

(2)   By failing to raise additional grounds in support of his claim that a walkaway escape conviction should not be classified as a violent felony.  Dkt. # 132, at 8-10.

(3)   In "compound[ing] [his] mistake by declining to file Supreme Court Certiorari by telling Defendant misleading information in his May 22, 2007 letter to end all direct appeal effort."  Dkt. # 132, at 1.

## Analysis

The Sixth Amendment requires that a criminal defendant receive effective assistance of counsel both at trial and during a direct appeal as of right.  Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)).  To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland test applies to appellate as well as trial counsel).  A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  Review of counsel's performance must be highly deferential. Id. at 689.

5

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

As to his first and second claims, defendant contends that Lockhart was constitutionally ineffective in failing to raise and argue two claims at sentencing and on appeal. Defendant first contends that his counsel was ineffective in failing to object to the Court's imposition of a sentence that purportedly contravened 18 U.S.C. § 3553(a)(6), which provides:

> The court, in determining the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant argues that the sentencing judge erred in applying Tenth Circuit law and sentencing him as an armed career criminal for a walkaway escape conviction, when the Ninth Circuit does not treat this type of crime as a violent felony under the ACCA. Defendant faults Lockhart for not raising this disparity at sentencing or on appeal. Defendant relies on United States v. Piccolo, 441 F.3d 1084 (9th Cir. 2006), which reversed and remanded for resentencing the district court's classification of the defendant as a career offender for his prior walkaway escape conviction. In Piccolo, the Ninth Circuit held that a walkaway escape conviction does not qualify as a crime of violence under U.S.S.G. § 4B1.1 in determining career offender status. Id. at 1088.

The Court finds that defendant's first claim is without merit. Defendant was sentenced on February 15, 2006. On that date, the sentencing judge relied on longstanding Tenth Circuit precedent holding that any prior conviction for escape was a violent felony within the meaning of

ACCA.  See United States v. Moore, 401 F.3d 1220, 1226 (10th Cir. 2005); United States v. Turner,

285 F.3d 909, 915 (10th Cir. 2002); United States v. Adkins, 196 F.3d 1112, 1118 (10th Cir. 1999)

(McKay, J., concurring); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998); United States

v. Gosling, 39 F.3d 1140, 1142 (10th Cir. 1994).  These opinions were binding on this Court.

Additionally, Piccolo was issued by the Ninth Circuit on April 20, 2006, two months after defendant

was sentenced in February 2006.  At the time of defendant's sentencing, the Ninth Circuit's opinion

had not been issued and defense counsel was not ineffective in failing to raise the issue at

sentencing.[10]

Defendant further argues that Lockhart was constitutionally ineffective in failing to assert

the conflicting holding by the Ninth Circuit in Piccolo in his brief before the Tenth Circuit.

Lockhart filed his opening brief with the Tenth Circuit on June 16, 2006, two months after the

issuance of Piccolo.  When a defendant alleges his appellate counsel rendered ineffective assistance

by failing to raise an issue on appeal, the court is to consider the merits of the omitted issue.  If the

issue is determined to be without merit, counsel's failure to raise it does not constitute ineffective

assistance of counsel.  See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995).  At the time

defendant's appellate brief was filed, every federal court of appeals except for the Ninth Circuit

relied on Taylor v. United States, 495 U.S. 575 (1990), in holding that any escape, however effected,

---

[10]     At the time of defendant's sentencing the District of Columbia Circuit had questioned the
matter and reserved the issue for later determination.  See United States v. Thomas, 333 F.3d
280 (D.C. Cir. 2003), vacated, 543 U.S. 1111 (2005).

categorically constitutes a crime of violence under the United States Sentencing Guidelines.[11] Circuit courts had also cited the Supreme Court's rationale in <u>Taylor</u> in holding that an escape qualifies as a "violent felony" under ACCA.[12]   Moreover, the Tenth Circuit's rationale in <u>Gosling</u> became the leading authority among the circuit courts in holding that every escape is categorically a violent felony under § 924(e)(1). In <u>Taylor</u>, the Eleventh Circuit stated, "[i]n 1994, the Tenth Circuit held that escape is categorically such a violent felony because 'every escape scenario is a powder keg,' <u>United States v. Gosling</u>, 39 F.3d 1140, 1142 (10th Cir. 1994).  Since then, every other federal court of appeals, save the D.C. and the Ninth Circuits, has adopted this rule."  <u>Taylor</u>, 489 F.3d at 1114.  The Seventh Circuit cited <u>Gosling</u> in acknowledging that the Tenth Circuit is at the "head of the line" in lumping all escapes together. <u>See</u> <u>United States v. Chambers</u>, 473 F.3d 724, 726 (7th Cir. 2007).  The Supreme Court has recently granted certiorari review of the Seventh Circuit's treatment of this issue.  <u>See</u> <u>Chambers v. United States</u>, 128 S.Ct. 2046 (2008).

At the time defendant's appeal was perfected, courts of this and other circuits had considered the argument that walkaway escape was not a violent crime.  The lack of unanimous agreement among the federal appellate courts does not create "unwarranted sentence disparities among

---

[11]    <u>See</u>, <u>e.g.</u>, <u>United States v. Winn</u>, 364 F.3d 7, 12 (1st Cir. 2004);  <u>United States v. Luster</u>, 305 F.3d 199, 202 (3d Cir. 2002); <u>United States v. Dickerson</u>, 77 F.3d 774, 777 (4th Cir. 1996); <u>United States v. Ruiz</u>, 180 F.3d 675, 676-77 (5th Cir. 1999); <u>United States v. Harris</u>, 165 F.3d 1062, 1068 (6th Cir. 1999); <u>United States v. Bryant</u>, 310 F.3d 550, 554 (7th Cir. 2002); <u>United States v. Nation</u>, 243 F.3d 467, 472 (8th Cir. 2001); <u>United States v. Gay</u>, 251 F.3d 950, 952 (11th Cir. 2001).

[12]    <u>See</u>, <u>e.g.</u>, <u>United States v. Jackson</u>, 301 F.3d 59, 61-63 (2d Cir. 2002); <u>United States v. Wardrick</u>, 350 F.3d 446, 455 (4th Cir. 2003);  <u>United States v. Houston</u>, 187 F.3d 593, 594-95 (6th Cir. 1999); <u>United States v. Franklin</u>, 302 F.3d 722, 723-25 (7th Cir. 2002); <u>United States v. Childs</u>, 403 F.3d 970, 971 (8th Cir. 2005); <u>United States v. Taylor</u>, 489 F.3d 1112, 1113-14 (11th Cir. 2007).

defendants with similar records" in violation of 18 U.S.C § 3553(a)(6) such that counsel would be constitutionally ineffective in failing to raise that claim on appeal.  The Tenth Circuit has stated, "[a]s an initial matter, appellate counsel is not required to raise every nonfrivolous issue.  Rather, '[t]he weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy, because every weak issue in an  appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court.'" United States v. McElhiney, 197 Fed. Appx. 777, 779 (10th Cir. Sep. 27, 2006) (citing Scott v. Mullin, 303 F.3d 1222, 1230 n.4 (10th Cir. 2002)).[13]  Lockhart preserved defendant's objection to treatment of his escape conviction as a violent felony under the ACCA and the Tenth Circuit declined to overrule its prior decisions on this issue.  The mere fact that Lockhart failed to cite Piccolo in his appellate brief and the existence of a circuit split does not show that he provided ineffective assistance of counsel or that defendant received a disparate sentence from similarly situated defendants.

As to his second claim, defendant argues counsel was constitutionally ineffective in failing to raise before the Tenth Circuit additional grounds in support of his claim that a walkaway escape conviction should not be classified as a violent felony under the ACCA.  Defendant advances three arguments that counsel was purportedly ineffective in failing to present on appeal:

(1)     Not every felony conviction with potential for violence should fall within the scope of the ACCA, citing Begay v. United States, 128 S.Ct. 1581 (2008). Dkt. # 132, at 2.

(2)     Federal law should not be construed so that its application is dependent upon state law, citing Taylor v. United States, 495 U.S. 575 (1990).  Dkt. # 132, at 5.

---

[13]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

(3)     There is an irreconcilable conflict within the United States Sentencing Guidelines when they call for a four-level reduction in cases of escapes from non-secure facilities under § 2P1.1(b)(3) and imposing a 15 year minimum sentence under 4B1.2 by classifying every escape as a crime of violence. Dkt. # 132 at 9.

Begay was issued by the Supreme Court on April 16, 2008, nearly a year after the Tenth Circuit issued its decision in defendant's direct appeal.  The Court finds that counsel cannot be held constitutionally ineffective in failing to forecast the holding of the Supreme Court in Begay.  An attorney's performance cannot be judged in hindsight.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland,  466 at 689.   More importantly, Begay does not overrule Gosling or its progeny.  As stated by the government in its response brief, "the result in Begay does not compel a departure from Tenth Circuit precedent establishing that all escapes qualify as violent felonies under § 924(e)."  Dkt. # 146, at 7.

Similarly, appellate counsel was not constitutionally deficient for failing to raise defendant's interpretation of Taylor on appeal, because defendant's argument was inconsistent with the Tenth Circuit's established precedent on this issue.  The Court should not second-guess the reasonable professional judgment of appellate counsel as to the most promising appeal issues.  "[T]he role of advocate 'requires that he support his client's appeal to the best of his ability.' For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . Nothing in the Constitution or our interpretation of that document requires such a standard." Jones v. Barnes, 463 U.S. 745, 754 (1983).

This same rationale applies to defendant's claim that appellate counsel was constitutionally ineffective in failing to cite the statement by the Ninth Circuit in Piccolo regarding the purported irreconcilable conflict within the Sentencing Guidelines.  In Piccolo, the Ninth Circuit noted that U.S.S.G. § 2P1.1(b)(3) calls for a four-level reduction in cases involving an escape from a non-secure facility, and this point was used to support the Ninth Circuit's decision that not all escapes should categorically be treated as violent felonies.  Piccolo, 441 F.3d at 1088.  However, the Tenth Circuit has repeatedly rejected the rule announced by the Ninth Circuit in Piccolo and, even if appellate counsel did not raise the precise issue suggested by defendant, he adequately preserved the underlying issue for appeal.[14]  Thus, the Court finds no merit to defendant's second claim that counsel was constitutionally ineffective in the selection of issues he raised or failed to raise on defendant's direct appeal.

As his third claim, defendant argues that his attorney was constitutionally defective when he failed to file a petition for writ of certiorari as requested by defendant.  Defendant points to his attorney's letter dated May 22, 2007, in which counsel explains that he could identify no meritorious ground for seeking review with the Supreme Court and advised defendant to file a § 2255 motion. The relevant language relied upon by defendant is as follows:

> Because of the way they framed their Order, there are not going to [be] grounds to gain a Supreme Court review.  They framed their decision as upholding the discretion of the trial court and they did not contradict any other Circuit's opinion. Therefore, my advice for you, if you want to pursue further appeals, would be to file your 2255.  You should have the forms there at the prison.

---

[14]    Although the Tenth Circuit has not considered Piccolo, other circuit courts have refused to modify their previous holdings that all escapes are categorically treated as a violent felony based on Piccolo.  See United States v. Faines, 216 Fed. Appx. 227, 232 (3d Cir. Feb. 14, 2007); United States v. Adewani, 467 F.3d 1340, 1342-43 (D.C. Cir. 2006).

Dkt. #132, Ex. B1.  Defendant contends that because the Supreme Court accepted certiorari in Chambers on the issue of whether escape by failure to report should be classified as a violent felony under the ACCA, he is prejudiced by counsel's failure to file a petition for writ of certiorari in his case.  See Chambers v. United States, 2008 WL 2958111 (U.S. July 30, 2008) (brief of petitioner).

Initially the Court notes that this is the second letter sent by Lockhart to defendant. Counsel's first correspondence to defendant was in November 2006 and was sent to defendant prior to Lockhart's departure for oral argument on defendant's direct appeal.  In this correspondence, Lockhart informed defendant of the procedures followed by the Tenth Circuit during oral arguments, of the  average waiting period between oral argument and the issuance of opinion, of the possible dispositions available in the case, and of his rights to either file a § 2255 motion or seek certiorari review in the event of an adverse ruling.  Lockhart identified his main appeal arguments as well as the strength and weakness of the issues raised on appeal.  Lockhart also advised defendant of the 90-day time limit to file for certiorari review and the procedures required of  CJA panel attorneys upon entry of the decision by the appeals court.  Lockhart explained:

> The way the court-appointed attorney program works is that if you want me to file a writ of certiorari and I believe there are grounds for seeking Supreme Court review, then I can file that writ for you.  However, and this may be the important part to you, that also means that it could delay your filing of your 2255.  Obviously, if you prefer to file your 2255 as fast as possible and therefore tell me not to file a writ of certiorari, I won't file it.  The problem often comes when a client wants the court appointed attorney to file the writ and the attorney doesn't think that there are grounds to gain Supreme Court review.  Then the attorney is required to file a motion to withdraw from the case.

Dkt. # 146, Ex. A.

The Court finds that Lockhart complied with the requirements of the Tenth Circuit for CJA panel attorneys in advising clients of the options available following an adverse decision by the

circuit court. <u>See</u> "Petitions For Writ of Certiorari," 10th Cir. R., Addendum I, Sec.VI.   The fact that the Supreme Court subsequently issued <u>Begay</u> and accepted review in <u>Chambers</u> does not render Lockhart's advice to defendant to pursue his § 2255 motion constitutionally ineffective. "The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.  Nor does the Sixth Amendment require counsel to raise, or even be cognizant of, all potential defenses." <u>United States v. Harms</u>, 371 F.3d 1208, 1212 (10th Cir. 2004) (citing <u>Strickland</u>, 466 U.S. at 689 (internal citations omitted)).  Further, defendant has failed to establish that he has suffered  prejudice as a result of the advice received from his counsel to file a § 2255 motion rather than a petition for writ of certiorari.  At the time the Tenth Circuit issued its opinion on defendant's appeal, the Supreme Court had not even granted certiorari in <u>Chambers</u>.

Defendant contends that he was deceived into believing that seeking certiorari review would "be almost pointless" and was thus persuaded to abandon his efforts to seek Supreme Court review of this case.  Dkt.# 147, at 2.  Again, the Court finds that defendant has failed to demonstrate prejudice from his lost opportunity to file a certiorari petition.  Review by the Supreme Court is discretionary, and a criminal defendant has no right to counsel to pursue discretionary review. <u>See</u> <u>Wainwright v. Torna</u>, 455 U.S. 586, 587 (1982).  "Because petitioner had no constitutional right to counsel, he was not deprived of effective assistance of counsel when his attorney did not file a petition for a writ of certiorari." <u>Id.</u> at 587-88. This is so even if counsel discouraged the filing for certiorari, because defendant's constitutionally protected right to advice of counsel had come to an end. <u>See</u> <u>Austin v. United States</u>, 513 U.S. 5, 8 (1994) (even though indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review).

13

### Conclusion

The Court finds that defendant has failed to demonstrate that his counsel's performance was constitutionally deficient.  Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief.  In this case, the Court concludes that the record conclusively shows that defendant is entitled to no relief, and a hearing is unnecessary.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. # 132) is **denied.**  A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion to Demand This Court Read All Pleadings Defendant Files with this Court and Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, the Bill of Rights, in its Rulings (Dkt. # 150) is **moot**.

**IT IS FURTHER ORDERED** that defendant's requests for appointment of counsel and an evidentiary hearing are **denied.**

**DATED** this 9th day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT