**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0214-CVE |
| ) | (08-CV-0277-CVE) |
| ) | (09-CV-0204-CVE) |
| VAUDA VIRGLE SHIPP, JR. ) | |
| ) | [related to Tenth Circuit |
| Defendant. ) | Case No. 08-5157] |

**CORRECTED[1] OPINION AND ORDER**

This matter comes on for consideration of defendant's Motion to Correct a Sentence By a Person in Federal Custody 28 USCS § 2255-Relation Back Theory Rule 15(c)(1)(B) Fed. R. Civ. Proc. (Dkt. # 160). Defendant argues that he is entitled to resentencing under the Supreme Court's decision in United States v. Chambers, 129 S. Ct. 687 (2009), because he is no longer eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(c) (ACCA).[2]

Defendant was charged and convicted of possessing a firearm after former felony conviction under 18 U.S.C. § 922(g)(1). Under then-existing Tenth Circuit precedent, defendant had three prior

---

[1]  Correcting case links in caption only.

[2]  The title of defendant's motion suggests that he is asking the Court to treat this motion as an amended § 2255 motion that relates back to his original § 2255 motion (Dkt. # 132). However, he does not address the relation-back issue in the body of his motion. In any event, defendant's original § 2255 motion has been denied, see dkt. # 151, and the claim raised in his new § 2255 motion was not raised in his original motion, and his new claim does not relate back to any issue raised in his original § 2255 motion. See United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (an "amendment to a § 2255 motion 'which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'").

convictions for crimes of violence under 18 U.S.C. § 924(c) and he faced a mandatory minimum sentence of 15 years as an armed career criminal. One of the three prior convictions used to enhance defendant's sentence under the ACCA was an escape conviction based on defendant's failure to timely report after leaving his place of imprisonment on an official pass. Presentence Investigation Report, at 6. The Honorable H. Dale Cook sentenced defendant to 188 months imprisonment. Dkt. # 88. Defendant appealed his conviction and sentence to the Tenth Circuit Court of Appeals, and both were affirmed on June 11, 2007. Dkt. # 111. On May 8, 2008, defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel. Dkt. # 132. On October 9, 2008, the Court denied defendant's § 2255 motion (Dkt. # 151). Defendant has requested a certificate of appealability from the Tenth Circuit and his request is still pending before the Tenth Circuit in Case No. 08-5157. See Dkt. # 155.

On January 13, 2009, the Supreme Court decided <u>Chambers</u> and held that a failure to report conviction under an Illinois statute was not a crime of violence under the ACCA. In this case, defendant's escape conviction is based on an Oklahoma statute similar to the Illinois statute at issue in <u>Chambers</u>, and, if defendant's escape conviction no longer constitutes a crime of violence under the ACCA, he may be entitled to a reduced sentence. However, defendant has already filed a § 2255 motion that has been denied and defendant has requested a certificate of appealability from the Tenth Circuit challenging the Court's opinion and order denying his § 2255 motion. Defendant's new motion (Dkt. # 160) is a second or successive motion under § 2255 raising a new claim for relief and this Court lacks jurisdiction to consider the merits of his new § 2255 motion. This Court may either dismiss the second or successive § 2255 motion for lack of subject matter jurisdiction or transfer it to the Tenth Circuit if it would be in the interest of justice. <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th

Cir. 2008). If this Court were to dismiss defendant's motion for lack of subject matter jurisdiction, there is a risk that a meritorious claim would be lost. In the interest of justice, the Court finds that defendant's motion (Dkt. # 160) should be transferred to the Tenth Circuit as a second or successive § 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's second Motion to Correct a Sentence By a Person in Federal Custody 28 USCS § 2255-Relation Back Theory Rule 15(c)(1)(B) Fed. R. Civ. Proc. (Dkt. # 160) is **transferred** to the Tenth Circuit Court of Appeals as a second or successive § 2255 motion.

**DATED** this 24th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT