**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 04-CR-0214-CVE |
| ) | (08-CV-0277-CVE) |
| VAUDA VIRGLE SHIPP, JR. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On December 9, 2004, the grand jury returned an indictment charging Vauda Virgil Shipp, Jr. with one count of possessing a firearm after former felony conviction under 18 U.S.C. § 922(g)(1). Dkt. # 1. Shipp went to trial and a jury found that Shipp was guilty of the offense charged in the indictment. Dkt. # 61. The Honorable H. Dale Cook set Shipp's sentencing hearing for December 12, 2005. The sentencing hearing was continued until February 15, 2006. The presentence investigation report (PSI) recommended that Shipp be sentenced using a total offense level of 33, because Shipp had <u>at least</u> three prior felony convictions that qualified as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).[1] PSI, at ¶ 20. The PSI identified three specific prior convictions as violent felonies under the ACCA: (1) assault with a dangerous weapon, (2) possession of marijuana with intent to distribute, and (3) escape from a penal institution. However, Shipp had other felony convictions listed in his criminal history, including

---

[1] Under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the maximum punishment is 10 years imprisonment. However, if the ACCA applies, the mandatory minimum sentence is 15 years and the maximum sentence is life imprisonment.

a 1969 burglary conviction, that were not specifically identified as violent felonies in the PSI. Id. at ¶ 23.

Judge Cook sentenced Shipp to 188 months in prison and five years of supervised release based on his finding that Shipp had committed three predicate offenses under the ACCA. Dkt. # 88. Shipp appealed his conviction and sentence to the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed Shipp's conviction and sentence and, inter alia, rejected Shipp's argument that his escape conviction should not have been treated as a violent felony under the ACCA. Shipp filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and he reasserted his argument that his escape conviction was not a violent felony under the ACCA. Dkt. # 132, at 1-2. After Shipp's § 2255 motion was filed, the case was randomly reassigned to the undersigned. Dkt. # 149. On October 9, 2008, the undersigned entered an opinion and order denying Shipp's § 2255 motion. However, the undersigned noted that the United States Supreme Court had granted a petition for writ of certiorari in United States v. Chambers, and Chambers concerned "the issue of whether escape by failure to report should be classified as a violent felony under the ACCA." Dkt. # 151, at 12.

Shipp appealed the denial of his § 2255 motion to the Tenth Circuit on October 21, 2008. Dkt. # 153. On January 13, 2009, the Supreme Court decided Chambers and held that walkaway escape under an Illinois statute was not a violent felony under the ACCA. Chambers v. United States, 129 S.C. 687 (2009). On December 16, 2009, the Tenth Circuit reversed the Court's denial of Shipp's § 2255 motion. The Tenth Circuit found that Chambers applied retroactively to Shipp's § 2255 motion and Shipp's escape conviction should not have been treated as a predicate offense under the ACCA. The Tenth Circuit remanded "the case to the district court with directions to

correct [Shipp's] sentence in light of *Chambers*, 129 S. Ct. at 691, by resentencing [Shipp] without the 'armed career criminal' classification." Dkt. # 169, at 14-15. The Tenth Circuit did not consider any other aspect of Shipp's criminal history in its decision.

The Tenth Circuit issued the mandate on February 8, 2010. Dkt. # 175. This Court entered an order (Dkt. # 176) directing the parties to show cause why Shipp should not be resentenced under the ACCA. Although Shipp's escape conviction is not a violent felony under the ACCA, the Court reviewed Shipp's PSI and noted that Shipp's 1969 burglary conviction may qualify as a violent felony. The 1969 burglary conviction was not treated as a predicate offense for the ACCA in the PSI but, if the burglary conviction is a predicate offense, Shipp is still eligible for sentence under the ACCA. The Court appointed Stephen J. Knorr to represent Shipp for his resentencing. Dkt. # 177. The government responded that the 1969 burglary conviction is a violent felony under the ACCA, but did not address the more fundamental issue of whether the Court may conduct a full resentencing following remand of this case from the Tenth Circuit. See Dkt. # 182, at 3-5. Shipp responded to the Court's show cause order and asserted three arguments contesting application of the ACCA: (1) the government waived consideration of the 1969 burglary conviction as a predicate offense by failing to raise this issue during Shipp's original sentencing proceedings; (2) the Tenth Circuit limited the scope of remand and directed this Court to resentence Shipp without application of the ACCA; and (3) there is insufficient documentation to prove that the 1969 burglary constitutes a predicate offense under the ACCA.[2]

---

[2] In this Opinion and Order, the Court will not consider whether the 1969 burglary conviction constitutes a violent felony under the ACCA, and reserves consideration of that issue for defendant's resentencing hearing.

3

Resentencing following remand is typically de novo, and the district court should "permit[] the receipt of any relevant evidence the court could have heard at the first sentencing hearing." United States v. Keifer, 198 F.3d 798, 801 (10th Cir. 1999) (quoting United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1999)).  Under the mandate rule, "where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." United States v. Lang, 405 F. 3d 1060, 1064 (10th Cir. 2005) (quoting Moore, 83 F.3d at 1234). The fact that the "Tenth Circuit's opinion and mandate [does] not set forth with specificity all of the possible permutations that might conceivably occur following remand is not an indication that enhancement is unequivocally barred by the scope of the mandate." United States v. Hicks, 146 F.3d 1198, 1201 (10th Cir. 1996). The Tenth Circuit has recognized three exceptions to the mandate rule that permit a district court to depart from the Tenth Circuit's mandate limiting the scope of remand: "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) [if] blatant error from the prior sentencing decision would result in serious injustice if uncorrected." United States v. Webb, 98 F.3d 585, 587 (10th Cir. 1996).

The general rule permitted de novo resentencing applies regardless of whether resentencing will result in a reduced or increased sentence for the defendant. In Lang, the district court refused to consider the defendants' argument that Blakely v. Washington, 542 U.S. 296 (2004), prevented the district court from relying on facts not found by a jury to increase the defendants' punishment during a resentencing hearing. The Tenth Circuit held that the district court impermissibly restricted the scope of resentencing, and found that the district court should have considered defendants'

4

Blakely argument. Lang, 405 F.3d at 1064. In Hicks, the Tenth Circuit reversed the defendant's conviction under 18 U.S.C. § 924(c) and remanded the case for a new trial on that charge. Hicks, 146 F.3d at 1200. The government chose not to retry defendant on that charge, but requested that the district court resentence the defendant on two drug charges. At the resentencing hearing, the district court applied a two-level enhancement for possession of a firearm in connection with a drug crime, and the defendant argued that this exceeded the scope of the Tenth Circuit's remand. The Tenth Circuit rejected the defendant's argument that the remand order prevented the district court from resentencing the defendant on the drug charges, and the district court did not violate the Tenth Circuit's mandate. Id. at 1200-01.

The Court finds that the Tenth Circuit directed this Court to resentence Shipp without considering his prior escape conviction as a violent felony under the ACCA, but the Tenth Circuit did not otherwise limit the scope of Shipp's resentencing. The Tenth Circuit remanded the case for resentencing without consideration of Shipp's escape conviction as a violent felony under the ACCA. Dkt. # 169, at 13-15. However, no other aspect of Shipp's criminal history is mentioned in the Tenth Circuit's decision. Although the Tenth Circuit directed this Court to resentence Shipp "without the 'armed career criminal' classification," the Tenth Circuit did so based on its assessment that Shipp no longer had three predicate offenses under the ACCA. Id. at 14. On appeal, the parties did not address and the Tenth Circuit did not consider any issue other than the use of Shipp's escape conviction as a predicate offense under the ACCA. Id. at 5-7. As the Court has noted, remand for resentencing generally requires de novo consideration of all issues that could have been raised at the first sentencing hearing. Keifer, 198 F.3d at 801. Shipp's criminal history is a significant factor in determining his sentence, and the Court must consider his full criminal history when resentencing

5

him, except that the Court cannot consider Shipp's escape conviction as a predicate offense under the ACCA.

Shipp argues that allowing the government to use his 1969 burglary conviction as a predicate offense under the ACCA during his resentencing hearing is the equivalent of giving the government a second chance to prove a predicate offense it failed to prove during his original sentencing proceedings, and he cites United States v. Forsythe, 437 F.3d 960 (10th Cir. 2005), and United States v. Campbell, 372 F.3d 1179 (10th Cir. 2004), to support his argument. However, both Forsythe and Campbell are distinguishable from this case. In Campbell, the government sought a sentencing enhancement based on the number of firearms possessed by the defendant, but failed to produce any evidence that an eighth firearm moved in interstate commerce. Campbell, 372 F.3d at 1181. The Tenth Circuit reversed the defendant's sentence due to the lack of evidence that the eighth firearm moved in interstate commerce, and specifically rejected the government's request for leave to supplement the record on this issue at the defendant's resentencing hearing. Id. at 1183 ("we exercise our discretion in the instant case under 18 U.S.C. § 3742(f)(1) and limit our remand to the records as it now stands."). The government was on notice at the defendant's original sentencing hearing that the evidence was insufficient to support a finding that the eighth firearm moved in interstate commerce, and chose to make a legal argument that such evidence was unnecessary. The Tenth Circuit limited the record on resentencing to the "record as it now stands," because the government's request to supplement the record during resentencing was the equivalent of giving the government a "second bite at the apple." Id. at 1183. In Forsythe, the Tenth Circuit found that the government failed to prove that a defendant's prior burglary conviction was a crime of violence under the United States Sentencing Guidelines, and the government asked for leave to

supplement the record for resentencing with additional evidence that the same burglary was a crime of violence. Forsythe, 437 F.3d 960, 963. The Tenth Circuit denied the government's request, because the government had a chance to prove this same fact during the original sentencing hearing and failed to meet its burden. Id.

In this case, the government was not aware that it needed to prove that the 1969 burglary conviction was a violent felony under the ACCA, because defendant already had three predicate offenses without that conviction. The government did not affirmatively waive reliance on the 1969 burglary conviction for the purpose of the ACCA, nor does de novo resentencing give the government a second bite at the apple to prove a fact that it failed to prove during the original sentencing hearing.[3] The status of Shipp's 1969 burglary conviction did not arise at the original sentencing hearing or on appeal, and the Court is not deviating from the Tenth Circuit's mandate by allowing the government to argue at Shipp's resentencing hearing that this conviction is a predicate offense under the ACCA.

**IT IS THEREFORE ORDERED** that defendant's resentencing will be a de novo sentencing hearing, but the Court may not consider defendant's escape conviction as a predicate offense under the ACCA.

**DATED** this 6th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Shipp cites Johnson v. United States, 130 S. Ct. 1265 (2010), and argues that the Supreme Court denied the government's request to remand the case with leave to argue that the defendant's battery conviction fell under the residual clause of § 924(e)(2)(B)(ii). However, the Supreme Court found that the government expressly disclaimed any reliance on this argument before the Eleventh Circuit Court of Appeals, and the argument was waived. Id. at 1274. Thus, Johnson does not support Shipp's argument that the government waived or disclaimed reliance on his 1969 burglary conviction as a predicate offense under the ACCA by failing to argue this issue at his original sentencing hearing.