**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0214-CVE |
| | ) | (08-CV-0277-CVE) |
| VAUDA VIRGLE SHIPP, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On April 9, 2010, the Court ordered (Dkt. # 186) the parties to submit sentencing memoranda "regarding application of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)." The parties have submitted sentencing memoranda (Dkt. ## 189, 190) in compliance with the Court's order, and the Court has reviewed the parties' filings. The issue in this case is whether defendant's 1969 burglary conviction qualifies as a violent felony under the ACCA.

The ACCA defines a violent felony as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "burglary, arson, or extortion . . . ." 18 U.S.C. § 924(e)(2). The Supreme Court has construed burglary to mean "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 602 (1990). Defendant argues that the crime of burglary under TEX. CODE ANN. § 30.02 does not meet the definition of a generic burglary under the ACCA, and his 1969 burglary conviction may not be used to enhance his sentence under the ACCA. Section 30.02 provides:

    (a)    A person commits an offense if, without the effective consent of the owner, the person:

> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2) remains concealed, with intent to commit a felony, theft, or assault, in a building or habitation; or
>
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Defendant concedes that subsections (1) and (2) qualify as generic burglary. Dkt. # 188, at 5-6. However, he argues that subsection (3) does not meet the definition of a generic burglary under Taylor, and it is not clear what subsection of § 30.02 defendant was accused of violating. See United States v. Constante, 544 F.3d 584 (5th Cir. 2008) (holding that crime of burglary under § 30.02(a)(3) is not a violent felony under the ACCA).

The Tenth Circuit has held that a burglary charge under any subsection of § 30.02 meets the definition of generic burglary stated in Taylor, and any such crime should be considered a predicate offense under the ACCA. United States v. Spring, 80 F.3d 1450, 1462 (10th Cir. 1996); see also United States v. Dunn, 96 Fed. Appx. 600 (10th Cir. Apr. 28, 2004) (holding that Spring constitutes binding Tenth Circuit precedent that a charge of burglary under § 30.02(a)(3) is a violent felony under the ACCA).[1] Even if defendant were correct that § 30.02(a)(3) is not a violent felony, the charging document shows that he was charged under § 30.02(a)(1) and his burglary conviction may qualify as a violent felony. Dkt. # 182-2 (the indictment charges that defendant "did . . . unlawfully and by force, break and enter with the intent then and there fraudulently to take therefrom the corporeal personal property therein being then and there belong to the said Alvin Ray Winters . . . without his consent . . ."). Defendant was not charged with entering a building or habitation to

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

commit a felony. Instead, he was charged with entering a habitation "with the intent" to commit a felony. This clearly qualifies as a generic burglary under the ACCA, as that term has been construed by the Supreme Court in Taylor. The Court does not reach defendant's argument that the documentation is insufficient to show that he actually pled guilty to offense charged in the indictment, and that issue will be considered at the sentencing hearing.

**IT IS SO ORDERED** this 21st day of April, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT