IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0214-CVE |
| ) | (08-CV-0277-CVE) |
| VAUDA VIRGLE SHIPP, JR. ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On April 21, 2010, the Court entered an opinion and order (Dkt. # 191) finding that the crime of burglary under TEX. CODE ANN. § 30.02 constitutes a generic burglary for the purpose of enhancing defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The Court has conducted additional research and determined § 30.02 was not in effect on January 3, 1969 when defendant was convicted of burglary. The Court has also reviewed the indictment and judgment for defendant's 1969 burglary conviction, and finds the opinion and order entered on April 21, 2010 should be clarified.

The Texas Penal Code, including § 30.02, was enacted in 1973. Prior to 1973, the crime of burglary was defined in TEX. CODE CRIM. PROC. ANN. art. 1389 (Vernon Supp.1968). Section 1389 defines burglary as "entering a house by force, threats or fraud, at night, or in any manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft."[1] Generic burglary is a violent felony under the ACCA if the crime involves "an unlawful or unprivileged entry into, or remaining in, a building or

---

[1]  A copy of § 1389 is attached to this opinion and order.

other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 602 (1990). Section 1389 requires an unlawful entry into a house with the intent to commit a crime or theft, and the crime of burglary, as defined in § 1389, clearly qualifies as generic burglary under the ACCA.

Defendant also argues that the documentation is insufficient to establish that the burglary charged in the January 3, 1969 indictment is also the same crime to which he pled guilty. Dkt. # 188, at 6. Defendant argues that the indictment does not contain a case number but the judgment references case number 14155, and it is not possible to determine if the indictment and judgment were filed in the same case. On January 3, 1969, a grand jury in Potter County, Texas charged defendant with burglary of a habitation. The indictment clearly charges defendant with breaking and entering into a house with the intent to take the personal property of Alvin Ray Winters. The indictment is accompanied by a cover or signature page stating that the indictment was filed on January 3, 1969 and it was filed in case number 14155.[2] The judgment states that defendant pled guilty to the burglary charged in case number 14155. The judgment clearly establishes that defendant pled guilty to the burglary charge alleged in the indictment, and the language of the indictment tracks the language of § 1389. Thus, defendant's 1969 burglary conviction constitutes generic burglary under the ACCA.

**IT IS THEREFORE ORDERED** that defendant's 1969 burglary conviction, as established by the attached indictment and judgment, qualifies as a violent felony under the ACCA.

**DATED** this 22nd day of April, 2010.

　　　　　　　　　　　　　　　　　　　　_Claire V. Eagan_
　　　　　　　　　　　　　　　　　　　　CLAIRE V. EAGAN, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[2]　The Court has attached to this opinion and order a copy of the indictment, the cover or signature page, and the judgment.

# VERNON'S TEXAS STATUTES

## 1968 SUPPLEMENT

Including General and Permanent Laws

of the

59th Legislature, First Called Session, 1966

and the

60th Legislature, Regular Session, 1967

### TABLES and INDEX

Supplementing
Vernon's Texas Statutes 1948
and
1950–1966 Supplements

KANSAS CITY, MO.
VERNON LAW BOOK COMPANY

**Art. 1350a**  PENAL CODE  1366

late, injure, deface, remove, displace, mar or harm any natural material found in any cave or cavern, such as stalactites, stalagmites, helictites, anthodites, gypsum flowers or needles, flowstone, draperies, columns, or other similar crystalline mineral formations or otherwise; to kill, harm or disturb plant or animal life found therein; to otherwise disturb or alter the natural condition of such cave or cavern; or to break, force, tamper with, remove, or otherwise disturb a lock, gate, door, or other structure or obstruction designed to prevent entrance to a cave or cavern, without the permission of the owner thereof, whether or not entrance is gained.

(b) Any violation of this section shall be punished by a fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months.

Acts 1967, 60th Leg., p. 1111, ch. 491, eff. Aug. 28, 1967.

**Title of Act:**
An Act relating to the defacing or damaging of caves or caverns; providing a penalty; and declaring an emergency. Acts 1967, 60th Leg., p. 1111, ch. 491.

## CHAPTER FIVE—BURGLARY

**Art. 1389.**  [1303] [838] [704]  "Burglary"

The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in any manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft.

Amended by Acts 1967, 60th Leg., p. 1141, ch. 505, § 1, eff. Aug. 28, 1967.

## CHAPTER SIX—OFFENSES ON VESSELS, BOATS, STEAMBOATS, MOTOR VEHICLES AND RAILROAD CARS

Art.
1407a. Entry upon boat, vessel, ship or other watercraft without consent of owner [New].

**Art. 1407a.  Entry upon boat, vessel, ship or other watercraft without consent of owner**

Section 1. It shall be unlawful for any person, without the consent of the owner or other person in charge thereof, to enter upon the boat, vessel, ship, or other watercraft of another, whether or not such watercraft is documented or required to be numbered or registered by or under the laws of the United States or of the State of Texas or of any other state, nation, country, or political entity whatsoever, while such boat, vessel, ship, or other watercraft is on any of the Coastal Waters of the State of Texas, as such term "coastal waters" is defined in Section 3(a), Chapter 340, Acts of the 58th Legislature, 1963,[1] or on any bay, inlet, pass, lake, river, stream, canal, channel, turning basin, or other body of water whatsoever in the State of Texas, and whether or not such boat, vessel, ship, or other watercraft be docked, in passage, or otherwise.

Sec. 2. Any violation of Section 1 of this Act shall constitute a misdemeanor, and for the first conviction of such a violation the punishment shall be by a fine of not more than $200, but for a second or subsequent conviction the punishment shall be by fine of not less than $50 or more than $500, or by confinement in the county jail for not more than three months, or by both such fine and imprisonment.

Sec. 3. Any person found upon the boat, vessel, ship, or other watercraft of any kind or character of another under circumstances which reasonably indicate that he entered upon it without the consent of the owner or other person in charge thereof shall be subject to arrest by any city

Information

In the Name and by the Authority of the State of Texas:

THE GRAND JURORS for the County of Potter, State aforesaid, duly organized, impaneled and sworn as such at the **November** Term, A.D. 19**68**, of the District Court of the **47th** Judicial District, in and for said County, upon their oaths in said Court present that **VAUDA V. SHIPP, JR.** hereinafter called defendant, on or about the **25th** day of **December** A.D. 19**68**, and anterior to the presentment of this Indictment, in the County of Potter and State of Texas, did then and there unlawfully and by force, break and enter a house there situate and occupied and controlled by **Alvin Ray Winters** with the intent then and there fraudulently to take therefrom the corporeal personal property there being and then and there belonging to the said **Alvin Ray Winters** from the possession of the said **Alvin Ray Winters** without his consent, and with the intent to deprive the said **Alvin Ray Winters** of the value of same, and to appropriate the said property to the use and benefit of **him** the said defendant

against the peace and dignity of the state.

_____
Foreman of the Grand Jury

THE STATE OF TEXAS,
County of Potter

I, _____ Clerk of the District Court of _____ County, Texas, do hereby certify that the within and foregoing is a true and correct copy of the Original Bill of Indictment, filed in said court on the _____ day of _____ A.D. 19____ in Cause No. _____ styled The State of Texas, vs. _____

Given under my hand and seal of said Court, at office in _____ this _____ day of _____ A.D. 19____

By _____ Clerk
_____ Deputy

---

No. 14,652

THE STATE OF TEXAS
vs.
VAIDA V. SHIPP, JR.

INDICTMENT

Offense: BURGLARY

A TRUE BILL
_____
Foreman of the Grand Jury

_____
Attorney

Filed on the 3rd day of January 19 69
_____
Clerk of District Court
By _____ Deputy

Amount of Bail $ _____

NAMES OF WITNESSES

NO. 14155

THE STATE OF TEXAS     IN THE 47TH DISTRICT COURT

VS     IN AND FOR

VAUDA V. SHIPP, JR.     POTTER COUNTY, TEXAS

## JUDGMENT

On this, the 3rd day of January, 1969, the above numbered and entitled cause was regularly reached and called for trial, when came the State of Texas by her Assistant District Attorney, William L. Wade, and the defendant, Vauda V. Shipp, Jr., appeared in person and by his attorney, V. G. Kolius, thereupon the District Attorney announced ready for trial, and the defendant, through his counsel, also announced ready for trial,

and the defendant in person and in open court pleaded "Guilty" to the charge of burglary as alleged in the indictment; thereupon, the defendant was admonished by the Court of the consequences of said plea, including the minimum and maximum punishment, and the said defendant persisted in pleading guilty; and it plainly appearing to the Court that the said defendant is sane and that he is not influenced in making said plea by any consideration of fear, or by a persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of "Guilty" is by the Court received and now entered of record in the Minutes of the Court as the plea herein of said defendant, thereupon, the defendant, his counsel, and the District Attorney announced in open Court that they, and each of them, agreed in writing to waive a jury in this cause and to submit this cause to the Court, and the Court having consented to the waiver of a jury herein, and the Court having heard the indictment read, the defendant's plea thereto, and after having heard all the evidence for the State and the defendant and argument of counsel, is of the opinion, and so finds, that the defendant is guilty as confessed by him of the offense of burglary which occurred on the 25th day of December, 1968.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that on this the 3rd day of January, 1969, the said defendant, Vauda V. Shipp, Jr., is guilty of the offense of burglary as charged in the indictment in this cause, and as confessed by him in his plea of guilty herein made, and the Court having heard evidence on the question of punishment and argument of counsel, thereon fixed the punishment by confinement in the penitentiary for a term of three (3) years, and that the State of Texas do have and recover of the said defendant all costs in this proceeding incurred, for which let execution issue, and that the said defendant be remanded to jail to await the further orders of the Court herein.

_[signature]_
Judge Presiding