**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0214-CVE |
| | ) | |
| VAUDA VIRGLE SHIPP, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are defense counsel's Motion to Withdraw as Counsel (Dkt. # 200) and defendant's Motion for Termination/Discharge of Service of Counsel Stephen J. Knorr (Dkt. # 202). Defense counsel, Stephen J. Knorr, has filed a motion to withdraw as counsel (Dkt. # 200), and the motion is opposed by plaintiff. Knorr states that he is "reluctantly" filing the motion to withdraw due to the amount of time that he has already spent on the case, but he feels that the motion is required based on the seriousness of defendant's allegations about Knorr's conduct. Dkt. # 200, at 1. He states that defendant asked him to file a motion to withdraw due to a complete breakdown in communication, but defendant did not inform defense counsel if he would request substitute counsel or represent himself. Defendant has since filed his own motion for termination or discharge of defense counsel, and asks the Court to appoint substitute counsel. Dkt. # 202. A re-sentencing hearing was held on April 26, 2010, and the matter was continued until May 11, 2010 to allow the parties additional time to gather evidence concerning defendant's 1969 burglary conviction. The Court set defense counsel's motion to withdraw and defendant's motion to terminate Knorr's representation for hearing on May 7, 2010.

A defendant's right to counsel under the Sixth Amendment does not require the Court to provide a defendant absolute freedom of choice of counsel, and the Court must balance a defendant's choice of counsel against the "need for the efficient and effective administration of criminal justice. United States v. Weninger, 624 F.2d 163 (10th Cir. 1980) (district court did not violate defendant's Sixth Amendment right to counsel by denying defendant's request to proceed only with attorney that shared his views about tax laws). In United States v. Porter, 405 F.3d 1136, the Tenth Circuit stated:

> "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987) (citation and internal quotation marks omitted). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney ... rather there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir.2002) (citations omitted). "[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.*
>
> Our cases instruct us in making this assessment to look at whether (1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown. *See Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir.2000).

Id. at 1141. Defendant has an absolute right to represent himself at a sentencing hearing, even if he raises this issue during a sentencing hearing. United States v. Miles, 572 F.3d 832 (10th Cir. 2009).

The government objects to Knorr's motion to withdraw and has filed a written response. The government argues that defendant has not shown good cause for substitution of counsel and opposes any delay of the re-sentencing hearing that would be caused by the appointment of new defense counsel. Dkt. # 203. Knorr's motion simply asks the Court to permit him to withdraw as counsel

and he does not state whether defendant requests the appointment of new counsel, but it is clear from defendant's motion that he is asking the Court to appoint substitute counsel. The Court will apply the Porter test to determine if defendant's request for substitution of counsel should be granted.

The first Porter factor, the timeliness of defendant's request, weighs against the appointment of substitute counsel. Knorr filed the motion on the same day that defendant asked Knorr to withdraw, but the government had already issued a subpoena compelling the attendance of a witness from Potter County, Texas for the continued May 11, 2010 re-sentencing hearing. It would be unfair to the government to continue the re-sentencing any further after the government has taken steps to comply with the Court's requests for additional information about defendant's 1969 burglary conviction. The third and fourth Porter factors are closely related, but it is clear that defendant's unreasonable beliefs about the law and his unwillingness to communicate with Knorr are responsible for the breakdown of the attorney/client relationship. Defendant's objection to Knorr's conduct appears to be based on the Court's consideration of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), rather than any specific conduct by Knorr. Defendant seems to be operating on the belief that Knorr is working against him and the Court would not have known about the 1969 burglary conviction or the possibility of de novo re-sentencing without Knorr's filings. Dkt. # 200, at 2. The record does not support defendant's belief, as it is clear that the Court sua sponte notified defendant that the ACCA might apply and asked counsel for both sides to present argument about the scope of the re-sentencing. Dkt. # 176. In fact, Knorr filed a response to the Court's order to show cause and vigorously opposed the government's request for de novo re-sentencing. Dkt. # 183. Knorr also states that defendant now claims that he did not agree to a continuance of the re-sentencing hearing, and defendant believes that the continuance will directly result in a finding that

3

the 1969 burglary conviction is a predicate offense under the ACCA. The transcript of the April 26, 2010 re-sentencing hearing shows that defendant agreed to the continuance on the record.[1] Transcript of April 26, 2010 Sentencing Hearing, at 12 (defendant thanks the Court for continuing his sentencing hearing). Knorr states that much of problem between defendant and him has been caused by the defendant's unsupported belief that Knorr is misrepresenting the law and that defendant lacks confidence in Knorr. Dkt. # 200, at 3. However, defendant's lack of confidence in counsel is not a reason to grant a motion to withdraw or substitute counsel. United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir. 1992). Defendant may also not rely on his attorney's failure to engage in conduct that is objectively unreasonable as a basis to withdraw.[2] Applying the four Porter factors, defendant's request for substitution of counsel is untimely and this weighs against granting his reques. The Court held a hearing on Knorr's motion to withdraw and defendant's motion for substitute counsel, and has fully inquired into the factual basis for both motions. The Court finds that there is a breakdown in communication between Knorr and defendant, but the breakdown has been caused by defendant's unwillingness to accept the advice of counsel and his unsupported beliefs about the law.

---

[1]   At the May 7, 2010 hearing, defendant clarified that he now objects to Knorr's prior request to continue the re-sentencing originally set for April 13, 2010 (Dkt. # 185), because the Court did not have relevant documents concerning his 1969 burglary conviction at that time and defendant would not have been sentenced under the ACCA if the re-sentencing hearing had been held on April 13. The documents to which defendant refers were in the possession of the United States Probation Office and the Court since this case was remanded to this Court by the Tenth Circuit, and defendant's argument is meritless.

[2]   It appears that Knorr declined to file a petition for writ of mandamus to the Tenth Circuit, and defendant believed that Knorr was unwilling to raise all arguments in support of defendant. See Dkt. # 200, at 3.

Even though the Porter factors do not clearly support defendant's request for substitution of counsel, the Court will exercise its discretion to terminate Knorr's representation and appoint substitute counsel for defendant. Based on the Court's observations at the hearing on defense counsel's motion to withdraw, it appears that defendant has a sincere, although misguided, belief, that Knorr has misrepresented the law and defendant is unwilling to communicate with Knorr about his case. The government stated that it can reschedule the testimony of the witness from Potter County without additional expense, and the Court will reset the re-sentencing hearing to provide new counsel sufficient time to prepare for re-sentencing. **Defendant is advised that no further substitution of counsel or continuances of his re-sentencing hearing will be permitted.**

**IT IS THEREFORE ORDERED** that defense counsel's Motion to Withdraw as Counsel (Dkt. # 200) and defendant's Motion for Termination/Discharge of Service of Counsel Stephen J. Knorr (Dkt. # 202) are **granted**, and Stephen J. Knorr's representation of defendant is **terminated**.

**IT IS FURTHER ORDERED** that Federal Public Defender Julia Lynn O'Connell is **appointed as substitute counsel** for defendant.

**IT IS FURTHER ORDERED** that the re-sentencing hearing set for May 11, 2010 at 10:30 a.m. is **stricken**, and re-sentencing is **reset for May 19, 2010 at 1:00 p.m.**

**DATED** this 7th day of May, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT