**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0214-CVE |
| ) | |
| VAUDA VIRGLE SHIPP, JR. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of Defendant's Motion to Reconsider (Dkt. # 207). Defendant argues that his 1969 burglary conviction under Texas law does not qualify as a generic burglary under Taylor v. United States, 495 U.S. 575 (1990), and he asks the Court to reconsider its decision that this conviction qualifies as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Taylor defines generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. However, Taylor does explain what constitutes "entry" for the purpose of a generic burglary. At the time defendant was convicted of burglary, Texas law defined "entry" as follows:

> The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft, or it may be constituted by the discharge of fire-arms or other deadly missile into the house, with intent to injure any person therein, or by the introduction of any instrument for the purpose of taking from the house any personal property although no part of the body of the offender should be introduced.

TEX. CODE CRIM. PROC. ANN. art. 1393 (Vernon Supp.1968). Defendant has not cited, and the Court could not locate, any cases explaining what constitutes an "unlawful or unprivileged entry" under

Taylor, but it is possible that the statutory definition of "entry" is sufficiently broad that defendant's burglary conviction may not qualify as a generic burglary.

However, even if defendant's argument is correct, defendant's 1969 burglary conviction may also be treated as a violent felony if the crime charged falls under the residual clause of the ACCA. Under the residual clause, any felony conviction may be treated as a violent felony if it "has as an element the use, attempted use, or threatened use of physical force, against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Any prior felony conviction falls under the residual clause if it is "'roughly similar, in kind as well as in degree of risk posed' to the enumerated examples of the preceding clause," and the enumerated examples of violent felonies include "burglary, arson, or extortion . . . ." United States v. Scoville, 561 F.3d 1174, 1180 (10th Cir. 2009). The risk created by breaking and entering into an occupied dwelling is similar to that posed by a generic burglary, because there is a substantial risk of a confrontation with the occupant of the home and the potential for injury to occupant during a face-to-face confrontation with the intruder. Id. at 1180-81.

The indictment charges that defendant did "unlawfully and by force, break and enter a house there situate and occupied and controlled by" Alvin Ray Winters with the intent to take his property. The Supreme Court has stated that "[t]he main risk of burglary arises not from the simple act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third-party - whether an occupant, a police officer, or a bystander - who comes to investigate." James v. United States, 550 U.S. 192, 203 (2007) (holding that crime of attempted burglary under Florida law did not qualify as a generic burglary but did constitute a violent felony under the residual clause of the ACCA). Based on the allegations of the charging document and defendant's plea of guilty to that charge, there is sufficient evidence that

2

defendant entered an occupied home by means of force and created the opportunity for a confrontation with the occupant of the home. Even if an ordinary violation of TEX. CODE CRIM. PROC. ANN. art. 1389 does not constitute generic burglary, the crime of burglarizing an occupied dwelling under that statute and as charged in the indictment creates the same risk of a confrontation with a person in the dwelling as a generic burglary, and the charged offense is so similar in kind and degree to generic burglary that it qualifies as a violent felony under the residual clause to the ACCA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider (Dkt. # 207) is **denied**.

**DATED** this 19th day of May, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT