**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0214-CVE |
| ) | (13-CV-0512-CVE-PJC) |
| VAUDA VIRGLE SHIPP, JR. ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Vacate, Set Aside and Correct a Sentence by a Prisoner in Federal Custody 28 U.S.C. § 2255 (Dkt. # 244). Defendant argues that the Court improperly applied the modified categorical approach when determining whether his 1968 burglary conviction qualified as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and that he should be resentenced based on the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). He also argues that his sentence was enhanced based on facts not found by a jury, specifically his prior convictions, and that he was sentenced in violation of the Sixth Amendment to the United States Constitution. He claims that his motion is timely under 28 U.S.C. § 2255(f)(3), because his motion was filed within one year of the Supreme Court's decisions in Descamps and Alleyne v. United States, 133 S. Ct. 2151 (2013).

On December 19, 2004, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant exercised his right to a jury trial and he was found guilty. Dkt. # 61. A presentence investigation report (PSR) was prepared, and it listed three prior convictions of defendant that qualified as violent felonies or serious drug offenses under the ACCA, including a conviction for escape from a penal institution. The PSR did not specifically state that defendant's 1968 conviction

for burglary was a violent felony, although this conviction was noted in defendant's criminal history. Based on his prior convictions, defendant faced a mandatory minimum sentence of 15 years under the ACCA. On February 15, 2006, a sentencing hearing was held and defendant was sentenced to 188 months imprisonment. Dkt. ## 83, 88. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 111. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 132), and the Court denied his motion. Dkt. # 151. The Tenth Circuit found that defendant's escape conviction was not a violent felony under the ACCA, based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), and it remanded the case to this Court for re-sentencing in light of Chambers. Dkt. # 169.

The Court set the case for resentencing and appointed counsel for defendant. Dkt. # 176. The Court also ordered the parties to show cause why defendant's 1968 burglary conviction should not be treated as a violent felony under the ACCA. Id. at 2. After reviewing the parties' briefing, the Court determined that the Tenth Circuit's decision authorized a de novo resentencing of defendant to the extent that defendant's escape conviction was not treated as a predicate offense under the ACCA. Dkt. # 184. At a de novo resentencing hearing, the Court found that defendant's 1968 burglary conviction was a violent felony and sentenced defendant to the mandatory minimum sentence of 180 months under the ACCA.[1]  See Dkt. # 210. The Court applied a categorical approach to determine if a conviction under the Texas burglary statute in effect at the time of defendant's conviction constituted a generic burglary under the ACCA, and the Court found that the

---

[1] The final sentencing hearing took place on May 19, 2010, but this occurred only after extensive motion practice and several pre-sentencing hearings at which the defendant was permitted to present legal arguments and evidence concerning his 1968 burglary conviction. The Court also appointed substitute counsel for defendant after a breakdown in communication occurred with his first court-appointed attorney. Dkt. # 205.

2

statute contained all of the elements of generic burglary under Supreme Court precedent interpreting the ACCA. Dkt. # 193, at 1-2. The Court considered additional documents because defendant argued that he was actually convicted under a different statute, and the Court reviewed the indictment and judgment to verify the statute under which defendant was convicted. Id. at 2. Defendant appealed his sentence to the Tenth Circuit on the sole ground that the Court violated the mandate rule by holding a de novo resentencing hearing. The Tenth Circuit found that this Court complied with its prior mandate and affirmed defendant's sentence of 180 months. Dkt. # 235. The Tenth Circuit's decision was entered on June 1, 2011. Defendant did not file a petition for writ of certiorari with the United States Supreme Court, and his conviction became final on September 9, 2011.[2] On August 12, 2013, defendant filed a § 2255 motion (Dkt. # 244) challenging the sentence imposed during the resentencing proceedings. He alleges that the Court erred by using the modified categorical approach when finding that defendant's 1968 burglary conviction was a violent felony under the ACCA, and he relies on Descamps to support this argument. Defendant also cites Alleyne

---

[2]   Because defendant did not file a petition for writ of certiorari, his conviction became final when his deadline to file such a petition expired 90 days after the Tenth Circuit issued its decision. Clay v. United States, 537 U.S. 522, 527 (2003).

3

and he claims that any fact that could be used to enhance his sentence, including the fact of a prior conviction, must be found by a jury.[3]

The Court reviewed defendant's § 2255 motion and found that his motion was filed more than one year after his conviction became final. Dkt. # 251. Under § 2255(f)(1), a § 2255 motion is untimely if it is more than one year from "the date on which the judgment of conviction becomes final . . . ." The Court directed defendant to show cause no later than October 7, 2013 why his § 2255 motion is timely, and defendant has filed a response to the Court's order.[4] Dkt. # 253. In addition, defendant has filed numerous supplements to his § 2255 motion. See Dkt. ##, 246, 247, 248, 249, 250, 252, 254, 256, and 257.

Defendant argues that his motion is timely under § 2255(f)(3), which states that the one year limitation period for filing an initial § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[3] Defendant also cites Peugh v. United States, 133 S. Ct. 2072 (2013), and he could be arguing that punishing him under the ACCA constitutes a violation of the Ex Post Facto Clause because he is being punished multiple times for his 1968 burglary conviction. In Peugh, the Supreme Court held that the use of sentencing guidelines promulgated after the offense was committed does violate the Ex Post Facto Clause if this would result in a higher sentence than the application of the sentencing guidelines in effect when the offense was committed. In this case, defendant was convicted of possession of a firearm after former felony conviction, not burglary, and he was punished for the firearm offense. The law is clearly established that the Ex Post Facto Clause is not implicated merely because a prior conviction is used to enhance a defendant's sentence under the ACCA, and this does not constitute double punishment for the prior conviction. United States v. Springfield, 337 F.3d 1175 (10th Cir. 2003); Melton v. Hemingway, 40 Fed. App'x 44 (6th Cir. May 17, 2002); United States v. Reynolds, 215 F.3d 1210 (11th Cir. 2000); United States v. Presley, 52 F.3d 64 (4th Cir. 1995). Even if defendant were permitted under § 2255)(f)(3) to assert a claim under Peugh, such a claim would be meritless.

[4] Defendant filed a motion for extension of time to file a response to the order to show cause (Dkt. # 255). Defendant's response was filed on October 2, 2013 and his response was timely, and his motion for an extension of time is moot.

4

the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant argues that he could not have filed his § 2255 motion until the Supreme Court issued its decisions Descamps and Alleyne, and that his motion is timely under § 2255(f)(3). For a defendant to establish the timeliness of a motion under § 2255(f)(3), the defendant must show that a Supreme Court decision applicable to his case announced a new rule of law that has been made retroactively applicable to cases on collateral review. United States v. Chang Hong, 671 F.3d 1147, 1150 (10th Cir. 2011). To determine if a Supreme Court decision is retroactively applicable, the Court must consider the standards for retroactivity established in Teague v. Lane, 489 U.S. 288 (1989). In Teague, the Supreme Court held that new rules of criminal procedure are generally inapplicable to cases on collateral review. Id. at 305-06. The Supreme Court has subsequently clarified that a "new rule applies retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceedings." Whorton v. Bockting, 549 U.S. 406, 416 (2007). An example of a new substantive rule was the rule created in Bailey v. United States, 516 U.S. 137 (1995), when the Supreme Court held that the "use" element of 18 U.S.C. § 924(c)(1) required the government to prove "active employment of the firearm" rather than mere possession. Id. at 144. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court determined that Bailey announced a new substantive rule and Teague did not prevent the defendant from raising a claim based on Bailey in collateral proceedings. Bousley, 523 U.S. at 619-20 ("because Teague by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."). The Supreme Court has not

recognized any new rule of criminal procedure as a watershed rule since Teague was decided. Whorton, 127 S. Ct. at 1181-82.

The Court preliminarily notes that the Tenth Circuit has determined that Alleyne does not apply retroactively to cases on collateral review, and defendant may not seek relief under Alleyne. In re Payne, ___ F.3d ___, 2013 WL 5200425 (10th Cir. Sept. 17, 2013); see also United States v. Redd, ___ F.3d ___, 2013 WL 5911428 (2d Cir. Nov. 5, 2013). Defendant also argues that the Supreme Court's decision in Descamps establishes that this Court committed a procedural error by applying the modified categorical approach to determine if defendant's 1968 burglary conviction was a violent felony. In Descamps, the Supreme Court held that the California statute for burglary in the first degree was indivisible and the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA. Descamps, 133 S. Ct. at 2285-86. Under the categorical approach, the Supreme Court found that the California burglary statute did not require breaking and entering as an element of the offense and a conviction under the statute did not constitute a generic burglary offense under the ACCA. Id. at 2292-93. Descamps clarified existing law concerning the procedure that federal district courts must follow when determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA. Even if Descamps were retroactively applicable to claims on collateral review, defendant could obtain no relief under Descamps because this Court applied a categorical approach when determining whether a conviction under the Texas burglary statute qualified as a generic burglary. Dkt. # 193. That is exactly what defendant asks the Court to do in his § 2255 motion, and he has not identified any possible error under Descamps. Thus, defendant could obtain no relief under Descamps and he cannot show that

6

his § 2255 motion was filed within one year of Supreme Court decision creating a new right that is applicable to his case.

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside and Correct an Sentence by a Prisoner in Federal Custody 28 U.S.C. § 2255 (Dkt. # 244) is **dismissed without prejudice** as time-barred. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion for Extension of Time (Dkt. # 255) is **moot**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals in reference to Appeal Number 13-5140.

**DATED** this 15th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE