# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0214-CVE |
| | ) | (13-CV-512-CVE-PJC) |
| VAUDA VIRGLE SHIPP, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant's Motion for Response from Attorney General(s) Office(s) for Motion to Show Cause Why the Northern District of Oklahoma Has an Innocent Texas Man Imprisoned Without a Valid State or Federal Indictment; Motion to Show Cause Why Falsely Imprisoned Texan is Imprisoned Against the Double Jeopardy Clause of the US Constitution; Show Cause if the Attorney General Has Innocent Texas Man Imprisoned or Is It Only by Claire V. Eagan Order (Dkt. # 271) and defendant's Motion for Summary Judgment Pertaining to This Undersigned's Terminated Case (Dkt. # 275).

On December 19, 2004, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant exercised his right to a jury trial and he was found guilty. Dkt. # 61. A presentence investigation report (PSR) was prepared, and it listed three prior convictions of defendant that qualified as violent felonies or serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), including a conviction for escape from a penal institution. The PSR did not specifically state that defendant's 1968 conviction for burglary was a violent felony, although this conviction was noted in defendant's criminal history. Based on his prior convictions, defendant

faced a mandatory minimum sentence of 15 years under the ACCA. On February 15, 2006, a sentencing hearing was held and defendant was sentenced to 188 months imprisonment. Dkt. ## 83, 88. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 111. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 132), and the Court denied his motion. Dkt. # 151. The Tenth Circuit found that defendant's escape conviction was not a violent felony under the ACCA, based on the Supreme Court's decision in <u>Chambers v. United States</u>, 555 U.S. 122 (2009), and it remanded the case to this Court for re-sentencing in light of <u>Chambers</u>. Dkt. # 169.

The Court set the case for resentencing and appointed counsel for defendant. Dkt. # 176. The Court also ordered the parties to show cause why defendant's 1968 burglary conviction should not be treated as a violent felony under the ACCA. <u>Id.</u> at 2. After reviewing the parties' briefing, the Court determined that the Tenth Circuit's decision authorized a <u>de novo</u> resentencing of defendant to the extent that defendant's escape conviction was not treated as a predicate offense under the ACCA. Dkt. # 184. At a <u>de novo</u> resentencing hearing, the Court found that defendant's 1968 burglary conviction was a violent felony and sentenced defendant to the mandatory minimum sentence of 180 months under the ACCA. <u>See</u> Dkt. # 210. Defendant appealed his sentence to the Tenth Circuit on the sole ground that the Court violated the mandate rule by holding a <u>de novo</u> resentencing hearing. The Tenth Circuit found that this Court complied with its mandate and affirmed defendant's sentence of 180 months. Dkt. # 235. Defendant filed a § 2255 motion (Dkt. # 244) challenging the sentence imposed at his resentencing hearing, and the Court treated the motion as an original § 2255 motion as to judgment entered upon resentencing. The Court found

that defendant's § 2255 motion (Dkt. # 244) was untimely and dismissed the motion as time-barred. Dkt. # 258.

Defendant has now filed two motions seeking his release from prison, and he has avoided classifying his motions as § 2255 motions. Defendant cites Fed. R. Civ. P. 56 and 60 as the basis for his motions, but the Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant is asking the Court to vacate his conviction and release him from prison, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has already filed a § 2255 motion (Dkt. # 244) challenging the judgment and commitment entered after the resentencing hearing, and the motion was dismissed as time-barred. Defendant's current motions (Dkt. ## 271, 275) must be treated as a second or successive § 2255 motions.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith

3

or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant does not attempt to argue that he has any ground to assert a second or successive § 2255 motion, and his primary argument appears to be that this Court violated the Tenth Circuit's mandate by conducting a de novo resentencing hearing. Dkt. ## 271, 275. This issue has been considered by the Tenth Circuit on defendant's direct appeal, and the Tenth Circuit found that this Court correctly interpreted the mandate by conducting a de novo resentencing without considering his escape conviction as a predicate offense under the ACCA. It would be a waste of judicial resources to transfer defendant's motions to the Tenth Circuit, and his motions (Dkt. ## 271 275) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Response from Attorney General(s) Office(s) for Motion to Show Cause Why the Northern District of Oklahoma Has an Innocent Texas Man Imprisoned Without a Valid State or Federal Indictment; Motion to Show Cause Why Falsely Imprisoned Texan is Imprisoned Against the Double Jeopardy Clause of the US Constitution; Show Cause if the Attorney General Has Innocent Texas Man Imprisoned or Is It Only by Claire V. Eagan Order (Dkt. # 271) and defendant's Motion for Summary Judgment Pertaining to This Undersigned's Terminated Case (Dkt. # 275) are **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE