# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0214-CVE |
| | ) | (13-CV-0512-CVE-PJC) |
| VAUDA VIRGLE SHIPP, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss 28 USC § 2255 Relation Back Theory Fed R Civ Proc 15(c)(1)(B) (Dkt. # 278). Defendant seeks to voluntarily dismiss his motion to vacate, set aside, or correct sentence, because he claims that it was unnecessary for him to file a § 2255. He argues that the Tenth Circuit Court of Appeals reversed his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and he claims that the Tenth Circuit's decision constitutes a binding contract between defendant and the United States government that has not been honored. Dkt. # 278, at 2.

On December 19, 2004, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant exercised his right to a jury trial and he was found guilty. Dkt. # 61. A presentence investigation report (PSR) was prepared, and it listed three prior convictions of defendant that qualified as violent felonies or serious drug offenses under the ACCA, including a conviction for escape from a penal institution. The PSR did not specifically state that defendant's 1968 conviction for burglary was a violent felony, although this conviction was noted in defendant's criminal history. Based on his prior convictions, defendant faced a mandatory minimum sentence of 15 years under

the ACCA. On February 15, 2006, a sentencing hearing was held and defendant was sentenced to 188 months imprisonment. Dkt. ## 83, 88. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 111. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 132), and the Court denied his motion. Dkt. # 151. The Tenth Circuit found that defendant's escape conviction was not a violent felony under the ACCA, based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), and it remanded the case to this Court for re-sentencing in light of Chambers. Dkt. # 169.

The Court set the case for resentencing and appointed counsel for defendant. Dkt. # 176. The Court also ordered the parties to show cause why defendant's 1968 burglary conviction should not be treated as a violent felony under the ACCA. Id. at 2. After reviewing the parties' briefing, the Court determined that the Tenth Circuit's decision authorized a de novo resentencing of defendant to the extent that defendant's escape conviction was not treated as a predicate offense under the ACCA. Dkt. # 184. At a de novo resentencing hearing, the Court found that defendant's 1968 burglary conviction was a violent felony and sentenced defendant to the mandatory minimum sentence of 180 months under the ACCA. See Dkt. # 210. Defendant appealed his sentence to the Tenth Circuit on the sole ground that the Court violated the mandate rule by holding a de novo resentencing hearing. The Tenth Circuit found that this Court complied with its mandate and affirmed defendant's sentence of 180 months. Dkt. # 235.

Defendant filed a § 2255 motion (Dkt. # 244) challenging the sentence imposed at his resentencing hearing, and the Court treated the motion as an original § 2255 motion as to the judgment and commitment (Dkt. # 212) entered upon resentencing. The Court found that defendant's § 2255 motion (Dkt. # 244) was untimely and dismissed the motion as time-barred. Dkt.

# 258. Defendant did not seek a certificate of appealability from the Tenth Circuit. Instead, defendant filed two motions in this Court seeking his release from prison, and he avoided classifying his motions as § 2255 motions. Dkt. ## 271, 275. Defendant cited Fed. R. Civ. P. 56 and 60 as the basis for his motions, but the Court found that the motions should be treated as second or successive § 2255 motions and dismissed the motions for lack of jurisdiction. Dkt. # 276.

Defendant now claims that it is unnecessary for him to file a § 2255 motion to obtain his release from prison, because the government is contractually obligated to release him pursuant to the Tenth Circuit's decision (Dkt. # 169) remanding this matter for resentencing. Dkt. # 278. Defendant asks the Court to vacate his conviction and release him from prison, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). The Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive motion under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant has already filed a § 2255 motion (Dkt. # 244) challenging the judgment and commitment entered after the resentencing hearing, and the motion was dismissed as time-barred. Defendant's current motion (Dkt. # 278) must be treated as a second or successive motion under § 2255.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531

F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant does not attempt to argue that he has any ground to assert a second or successive § 2255 motion, because he argues that it is wholly unnecessary for him to seek relief under § 2255. However, the Court has already noted that it is the relief sought, not the defendant's classification of his motion, that governs whether a motion should be treated a second or successive § 2255 motion. Defendant seeks his release from prison and this type of relief can be granted only under § 2255, but defendant has offered no argument showing that it is likely that the Tenth Circuit would allow him to proceed with a second or successive § 2255. It would be a waste of judicial

4

resources to transfer defendant's motion to the Tenth Circuit, and his motion (Dkt. # 278) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss 28 USC § 2255 Relation Back Theory Fed R Civ Proc 15(c)(1)(B) (Dkt. # 278) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 25th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE