# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 04-CR-0214-CVE |
|  | ) | (18-CV-0127-CVE-FHM) |
| VAUDA VIRGLE SHIPP, JR. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court are defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 282), notice of tort claim for damages (Dkt. # 284), and motion to show cause (Dkt. # 285). Defendant argues that he is entitled to relief under the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Dkt. # 282. He also argues that he is actually innocent of the criminal charge of which he was convicted, and he asks the Court to vacate his conviction or reduce his sentence. Dkt. ## 284, 285.

On December 19, 2004, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant exercised his right to a jury trial and he was found guilty. Dkt. # 61. A presentence investigation report (PSR) was prepared, and it listed three prior convictions of defendant that qualified as violent felonies or serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), including a conviction for escape from a penal institution.[1] The PSR did not specifically state that defendant's 1968 conviction for burglary was a violent felony, although

---

[1] The PSR listed defendant's prior convictions for escape, assault with a dangerous weapon, and possession of marijuana with intent to distribute as predicate offenses under the ACCA.

this conviction was noted in defendant's criminal history. Based on his prior convictions, defendant faced a mandatory minimum sentence of 15 years under the ACCA. On February 15, 2006, a sentencing hearing was held and defendant was sentenced to 188 months imprisonment. Dkt. ## 83, 88. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 111. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 132), and the Court denied his motion. Dkt. # 151. On appeal, the Tenth Circuit found that defendant's escape conviction was not a violent felony under the ACCA based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), and it remanded the case to this Court for re-sentencing in light of Chambers. Dkt. # 169.

The Court set the case for resentencing and appointed counsel for defendant. Dkt. # 176. The Court also ordered the parties to show cause why defendant's 1968 burglary conviction should not be treated as a violent felony under the ACCA. Id. at 2. After reviewing the parties' briefing, the Court determined that the Tenth Circuit's decision authorized a de novo resentencing of defendant to the extent that defendant's escape conviction was not treated as a predicate offense under the ACCA. Dkt. # 184. At a de novo resentencing hearing, the Court found that defendant's 1968 burglary conviction was a violent felony and sentenced defendant to the mandatory minimum sentence of 180 months under the ACCA. See Dkt. # 210. Defendant appealed his sentence to the Tenth Circuit on the sole ground that the Court violated the mandate rule by holding a de novo resentencing hearing. The Tenth Circuit found that this Court complied with its mandate and affirmed defendant's sentence of 180 months. Dkt. # 235. Defendant filed a § 2255 motion (Dkt. # 244) challenging the sentence imposed at his resentencing hearing, and the Court treated the motion as an original § 2255 motion as to the judgment entered upon resentencing. The Court found

2

that defendant's § 2255 motion (Dkt. # 244) was untimely and dismissed the motion as time-barred. Dkt. # 258. Defendant has filed several motions (Dkt. ## 271, 275, 278) seeking reconsideration of the Court's prior rulings or for a reduction of his sentence, and the Court has found that each of defendant's motions was a second or successive § 2255 motion. The Court dismissed defendant's motions for lack of subject matter jurisdiction. See Dkt. ## 276, 279.

On March 5, 2018, defendant filed his § 2255 motion (Dkt. # 282), seeking relief under the Supreme Court's decision in Johnson. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[2] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). The Court finds that it is unable to reach the merits of defendant's Johnson claim for two reasons. First, defendant has not received authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion asserting a Johnson claim, and this Court lacks jurisdiction over his motion (Dkt. # 282). Second, even if he had obtained authorization, his second or successive § 2255 motion would be untimely, because his deadline to seek authorization to proceed with a second or successive § 2255 expired on June 27, 2016. The

---

[2] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

Court will considered whether defendant's motion (Dkt. # 282) should be transferred to the Tenth Circuit, but the Court lacks jurisdiction to consider the merits of defendant's Johnson claim.

As to defendant's other motions (Dkt. ## 284, 285), defendant styles his motions as civil tort claims or as motions not subject to the limitations on filing a second or successive § 2255 motion. The Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant is asking the Court to vacate his conviction and reduce his sentence, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has already filed a § 2255 motion (Dkt. # 244) challenging the judgment and commitment entered after the resentencing hearing, and the motion was dismissed as time-barred. Defendant has also filed other motions that have been dismissed as second or successive § 2255 motions (Dkt. ## 271, 275, 278). In the current motions filed by defendant, he clearly asks the Court to vacate his convictions and release him from prison, and the Court construes his motions (Dkt. ## 284, 285) as second or successive § 2255 motions. The Court will also consider whether these motions should be transferred to the Tenth Circuit.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir.

2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant claims that he is entitled to relief under Johnson, and he is correct that Johnson has been made retroactively applicable to cases on collateral review. See Welch, 136 S. Ct. at 1268. However, defendant did not obtain authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion under Johnson and his one year statute of limitations to seek authorization has long since expired. The Court finds that it is unlikely that the Tenth Circuit would now grant defendant authorization to proceed with a second or successive § 2255 seeking relief under Johnson. Defendant could be arguing that this Court violated the Tenth Circuit's mandate by conducting a de novo resentencing hearing. Dkt. # 284, at 11. This issue has been

5

considered by the Tenth Circuit on defendant's direct appeal, and the Tenth Circuit found that this Court correctly interpreted the mandate by conducting a de novo resentencing without considering his escape conviction as a predicate offense under the ACCA. Dkt. # 235. Finally, defendant argues that he is actually innocent of being a felon in possession of firearm. Dkt. ## 284, 285. Defendant's argument is not based on newly discovered evidence or a change in the law that would be retroactively applicable to cases on collateral review, and his claim of actual innocence cannot be considered as a part of a second or successive § 2255 motion. The Court finds that there is no risk that a meritorious claim will be lost if defendant's motions (Dkt. ## 282, 284, 285) are not transferred to the Tenth Circuit, and defendant's motions should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 282), notice of tort claim for damages (Dkt. # 284), and motion to show cause (Dkt. # 285) are **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of May, 2018.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE