# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-CR-0214-CVE |
| VAUDA VIRGLE SHIPP, JR. | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Summary Judgment for Release of an Actually/Factually Innocent Man Being Imprisoned without Statutory or Judicial Authority (Dkt. # 289). Defendant argues that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Dkt. # 289, at 2. He also argues that he is actually innocent of the criminal charge of which he was convicted, and he asks the Court to vacate his conviction or reduce his sentence. Id.

On December 19, 2004, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant exercised his right to a jury trial and he was found guilty. Dkt. # 61. A presentence investigation report (PSR) was prepared, and it listed three prior convictions of defendant that qualified as violent felonies or serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), including a conviction for escape from a penal institution.[1] The PSR did not specifically state that defendant's 1968 conviction for burglary was a violent felony, although

---

[1] The PSR listed defendant's prior convictions for escape, assault with a dangerous weapon, and possession of marijuana with intent to distribute.

this conviction was noted in defendant's criminal history. Based on his prior convictions, defendant faced a mandatory minimum sentence of 15 years under the ACCA. On February 15, 2006, a sentencing hearing was held and defendant was sentenced to 188 months imprisonment. Dkt. ## 83, 88. Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals. Dkt. # 111. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 132), and the Court denied his motion. Dkt. # 151. The Tenth Circuit found that defendant's escape conviction was not a violent felony under the ACCA, based on the Supreme Court's decision in <u>Chambers v. United States</u>, 555 U.S. 122 (2009), and it remanded the case to this Court for re-sentencing in light of <u>Chambers</u>. Dkt. # 169.

The Court set the case for resentencing and appointed counsel for defendant. Dkt. # 176. The Court also ordered the parties to show cause why defendant's 1968 burglary conviction should not be treated as a violent felony under the ACCA. <u>Id.</u> at 2. After reviewing the parties' briefing, the Court determined that the Tenth Circuit's decision authorized a <u>de novo</u> resentencing of defendant to the extent that defendant's escape conviction was not treated as a predicate offense under the ACCA. Dkt. # 184. At a <u>de novo</u> resentencing hearing, the Court found that defendant's 1968 burglary conviction was a violent felony and sentenced defendant to the mandatory minimum sentence of 180 months under the ACCA. <u>See</u> Dkt. # 210. Defendant appealed his sentence to the Tenth Circuit on the sole ground that the Court violated the mandate rule by holding a <u>de novo</u> resentencing hearing. The Tenth Circuit found that this Court complied with its mandate and affirmed defendant's sentence of 180 months. Dkt. # 235. Defendant filed a § 2255 motion (Dkt. # 244) challenging the sentence imposed at his resentencing hearing, and the Court treated the motion as an original § 2255 motion as to the judgment entered upon resentencing. The Court found

2

that defendant's § 2255 motion (Dkt. # 244) was untimely and dismissed the motion as time-barred. Dkt. # 258. Defendant filed several motions (Dkt. ## 271, 275, 278, 282) seeking reconsideration of the Court's prior rulings or for a reduction of his sentence, and the Court has found that each of defendant's motions was a second or successive § 2255 motion. Dkt. ## 276, 279. The Court dismissed defendant's motions for lack of subject matter jurisdiction.

On March 5, 2018, defendant filed § 2255 motion (Dkt. # 282) seeking relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[2] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant also filed motions (Dkt. ## 284, 285) seeking to assert civil tort claims or as motions not subject to the limitations on filing a second or successive § 2255 motion. The Court entered an opinion and order (Dkt. # 287) dismissing defendant's motions for lack of jurisdiction.

Defendant has now filed a "motion for summary judgment" asking the Court to reduce his sentence or vacate his conviction, and his motion does not mention the limitations on filing a second

---

[2] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

or successive § 2255 motion. Dkt. # 289. The Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant is asking the Court to vacate his conviction and release him from prison, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has already filed a § 2255 motion (Dkt. # 244) challenging the judgment and commitment entered after the resentencing hearing, and the motion was dismissed as time-barred. Defendant's current motion (Dkt. # 289) must be treated as a second or successive § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252

4

(citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant does not attempt to argue that he has any ground to assert a second or successive § 2255 motion, and it appears that he is arguing that he is exempt from the rules applicable to a § 2255 motion because he has styled his motion as one for summary judgment. However, the Court has determined that defendant's motion should be construed as a second or successive § 2255 motion and, even though he seeks relief under Johnson, he must obtain authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion. Johnson has been made retroactively active to cases on collateral review, but the deadline to seek authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion raising a Johnson claim was June 27, 2016. The deadline to obtain authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion seeking relief under Johnson has long since passed, and it would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit. The Court finds that defendant's motion (Dkt. ## 289) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment for Release of an Actually/Factually Innocent Man Being Imprisoned without Statutory or Judicial Authority (Dkt. # 289) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 20th day of June, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE